UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ELMUS CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-401-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| EPI HEALTHCARE, LLC, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Kentucky Cabinet for Health and Family Services ("KCHFS") removed this case to federal court on December 15, 2008.  R. 1.  Plaintiff filed a Motion to Remand this matter, R. 8, to which Defendant responded, R. 14, and Plaintiff replied, R. 15.  In addition, Plaintiff and Defendant filed a number of discovery-related motions.  *See* R. 2; R. 6; R. 9. Before ruling on any of the discovery motions, this Court heard argument from both parties to determine whether this Court had jurisdiction.  For the following reasons, the Court concludes that it does not have subject matter jurisdiction and this matter should be remanded to state court pursuant to 28 U.S.C. § 1447(c).

I.    **Background**

Plaintiff Elmus Campbell sued numerous defendants in state court after he was moved on two separate occasions from his nursing home to a psychiatric hospital.  R. 1 Exh. 4, Part 3 at 1-2.  As part of the state court litigation, Mr. Campbell requested discovery from Defendant

KCHFS.  R. 1 ¶ 2.  The discovery he requested included a survey that KCHFS conducted along with and under the authority of the Department of Health and Human Services Center for Medicare & Medicaid Services ("CMS"), a federal agency.  *Id*. at ¶ 3.  KCHFS recognized that by regulation[1] it could not turn over this survey without first consulting CMS, which it did.  R. 1, Exh. 2 (DHHS Letter).  CMS instructed KCHFS not to turn over the survey or testify about it in any depositions because such testimony and discovery was barred by federal regulation.  *See id*.  Plaintiff, however, continued to insist that he was entitled to the survey.  *See* R. 8 and attached Exhibits.  Rather than immediately remove this dispute to federal court, KCHFS tried to work it out with Plaintiff and with the state court.  Neither avenue was successful.  The state court ordered KCHFS to turn over the survey while CMS continued to insist that KCHFS could not.  R. 8, Exh. 1.  Caught between a rock and a hard place, KCHFS sought refuge in federal court by removing the case pursuant to 28 U.S.C. § 1442.  *See* R. 1.

## II.  Discussion

The sole question before this Court is whether removal was proper.  Section 1442 allows a defendant to remove to federal court a state-court action brought against the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States . . . ."  Thus, the first question is whether KCHFS was "acting under" the authority of CMS when it conducted the survey and therefore properly invoked section 1442.

---

[1] *See* 45 C.F.R. Part 2 (effective October 15, 2008) (amending federal regulations, 45 C.F.R. §§ 2.1-2.6, which provide that employees of DHHS may not provide testimony as part of their official duties in litigation where the United States or a federal agency is not a party without the approval of the head of the agency).

-2-

After receiving several consumer complaints, KCHFS, along with CMS, instituted a
survey of Defendant McCreary Health and Rehabilitation Center, LLC.  R.1 at ¶ 3; R. 1, Exh.
4, Part 3.  Federal regulations make clear that KCHFS was acting under the authority of CMS
when it conducted this survey.  *See* 45 C.F.R. Part 2 ("the definition of employee will be
modified to include employees of a state agency performing survey"; "employees of state survey
agencies carry out federal functions").  The Supreme Court has also recently clarified that when
an entity helps the federal government carry out "basic governmental tasks," it is acting as an
agent of the government.  *Watson v. Phillip Morris Cos.,* 127 S. Ct. 2301, 2308 (2007) ("[a
private contractor] performed a job that, in the absence of a contract with a private firm, the
Government itself would have had to perform.").

The second, and more difficult, question is whether the removal was timely.  Once a
defendant learns an action is removable, he has thirty days to remove that action to federal court.
*See* 28 U.S.C. § 1446(b).  But, the question remains, when does a defendant know an action is
removable?  Usually, it occurs when the defendant receives the initial pleading.  If, however,
"the case stated by the initial pleading is not removable, a notice of removal may be filed within
thirty days after receipt by the defendant of a copy of an amended pleading, motion, order or
other paper from which it may be first ascertained that the case is one which is or has become
removable . . . ."  *Id.*; *see also Holston v. Carolina Freight Carriers Corp* ., No. 90-1358, 1991
WL 112809 at *3 (6th Cir. June 26, 1991) ("[Section] 1446(b) starts the thirty-day period
running from the date that a defendant has solid and unambiguous information that the case is

-3-

removable, even if that information is solely within its own possession.").[2]

When interpreting a statue, courts first look to its plain language. *In re Carter*, __ F.3d __, No. 07-3965, 2009 WL 151319 at *4 (6th Cir. January 23, 2009). "If the language of the statute is clear, then the inquiry is complete, and the court should look no further." *Brilliance Audio, Inc. v. Haights Cross Commc'n, Inc.*, 474 F.3d 365, 371 (6th Cir. 2007) (citations omitted). Here the language is clear: the party must remove within thirty days from the date on "which it may be first ascertained" that the case is removable.

The parties vigorously contest when KCHFS "first ascertained" this case was removable and the thirty day clock began to run. Plaintiff subpoenaed the survey at issue sometime before October 15, 2008. *See* R. 8 (Plaintiff notes many discovery requests in his motion to remand – all of which predate October 15). On September 15, 2008, the pertinent regulatory section 45 C.F.R. Part 2 was published, and it became effective on October 15, 2008. According to the regulation, KCHFS was acting as an agent of the federal government when it performed the survey. The regulation also provides KCHFS with the defense upon which it relies in refusing to turn over the survey. Therefore, the regulation essentially created this Court's jurisdiction. *See* 28 U.S.C. § 1442; *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) ("A party seeking removal under section 1442 must demonstrate that (a) it is a "person" within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal

---

[2] Unpublished decisions of the Sixth Circuit are not binding under the doctrine of stare decisis. *United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007). Accordingly, the Court considers such decisions for their persuasive value only. *See id.*

defense.'" (citation omitted)).   Indeed, KCHFS, as the primary state agency charged with performing this survey, should have been aware of this on October 15, 2008, when it was effective.  Consequently, KCHFS could "first ascertain" that the case was removable on October 15, 2008.  Nevertheless, KCHFS did not file its notice of removal until December 15, 2008, thereby making removal untimely.  *See* R. 1.

KCHFS urges the Court to adopt a "liberal" construction of "first ascertain" and points to *Durham* for support.  That case held that "a federal officer defendant's thirty days to remove commence when the plaintiff discloses sufficient facts for federal officer removal."  *Durham,* 445 F.3d at 1253.  *But see Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 n.5 (8th Cir. 2007) ("[Defendant] urges that the removal statute be construed broadly and that we should extend the 'liberal interpretation' to the time limits in § 1446, citing [*Durham*], but we decline its invitation."); *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (stating that removal statute should be "strictly construed and all doubts resolved in favor of remand" (citation omitted)).  *Durham* does not provide salvation for KCHFS.  Indeed, even if this Court were to adopt the Ninth Circuit's interpretation, the sequence of events does not change. KCHFS had sufficient <u>facts</u> from which to determine the case was removable when it knew it was acting under the direction of a federal agency on October 15, 2008–the effective date of the federal regulation.  Thereafter, KCHFS declined to respond to the Plaintiff's subpoena and discovery requests pursuant to that federal regulation.  Indeed, no more jurisdictional-type facts came to light after the October 15, 2008, clock started.

Finally, KCHFS argues that it had to wait for the state court to rule before it knew that

-5-

a ripe dispute existed.  It is incorrect.  The jurisdiction of this Court is not based on whether or

not the state court agrees or disagrees with KCHFS.  *See Jefferson County v. Acker*, 527 U.S.

423, 431 (1999) ("We therefore do not require the officer virtually to 'win his case before he can

have it removed.'"  (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969))).  Rather,

qualification for removal is based on whether a "colorable federal defense" exists.  *See Mesa v.

California*, 489 U.S. 121, 139 (1989).  In other words, this dispute was ripe the minute KCHFS

knew it was acting as a federal agency when performing the survey, and, in turn, was going to

decline to turn over the survey under federal regulations and law–October 15, 2008.  At that

point, it could  arguably assert a "colorable federal defense" under the regulations.  *See, e.g.,* R.

1, Exh. 2 (DHHS Letter) (noting that October 15, 2008 federal regulation barred state employees

from providing the survey information unless Plaintiff requested the information pursuant to the

regulation).

       The final question before this Court is whether KCHFS should be sanctioned for its

removal.  *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just

costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

The answer is no.  A district court "may award attorney's fees under § 1447(c) only where the

removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin

Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, KCHFS's only mistake was in trying to be

conscientious.  As it laid out at the hearing, it did not remove the case originally because it hoped

to resolve the matter in state court without federal intervention.  KCHFS indicated that otherwise

there was a potential to inundate the federal courts with discovery disputes.  Of course, no good

deed goes unpunished. KCHFS's attempt to resolve this in state court cost it the ability to obtain a federal forum. KCHFS made a mistake, but that mistake does not deserve to be sanctioned.

In the end, the law compels this Court to remand this case back to state court. The Court sympathizes with the untenable position in which KCHFS finds itself. The state court ordered it to produce the survey, while the federal agency demanded just the opposite. Unfortunately, while this Court believed it could resolve the impasse, it did not have jurisdiction to do so. And, at the end of the day, a court acting without jurisdiction is a court acting without authority.

## III. Conclusion

Accordingly, the Court hereby **GRANTS** the Plaintiff's Motion to Remand, R. 8, and **REMANDS** this matter to the McCreary Circuit Court. This matter shall be **STRICKEN** from the Court's active docket.

This the 18th day of February, 2009.



Signed By:

_Amul R. Thapar_

United States District Judge